

FILED by \_\_\_\_ D.C.

SEP 0 3 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

Claudia Zuloaga
20641 S.W. 130 Court
Miami, Florida 33177
Petitioner

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 10-23180 MC-Altonaga/Brown

Case #

CLAUDIA ZULOAGA
PETITIONER

Vs.

UNITED STATES OF AMERICA, DOUGLAS
H. SHULMAN, COMMISSIONER OF
INTERNAL REVENUE, AND RICKY
D. POOLE REVENUE AGENT

RESPONDENTS.

**PETITION TO QUASH 3RD
PARTY SUMMONS**

Date:

Time:

Dept/room:
IRS COMMISSIONER &
U.S. Courthouse
400 N. Miami Avenue
8th Floor
Miami, Florida 33128

_____/

Petitioner, Claudia Zuloaag, hereby petitions this court to quash the third party
Record keeper summons, issued to First National Bank of South Florida, Wells Fargo Home
Mortgage and Bank of America bank(s), by the Internal Revenue Service,
And relating to documents for periods January 1, 2005 through the Present.

## I.

## JURISDICTION

1.  This court has jurisdiction in this action pursuant to the provisions of Title 26
U.S.C. Sections 7609(b)(2)(a), 7609(h), and Title 28 U.S.C. Sections 1331 and 1340,
venue is proper in that the petitioner and respondents all reside or are found within the

geographical jurisdiction of this court.

## II.

## PARTIES

2. Petitioner, Claudia Zuloaga, is a citizen of the state of Florida with a legal residence in Miami, Florida.

3. Respondent United States of America, Internal Revenue Service (hereinafter "IRS"), is a federal government entity with agencies and offices throughout the United States, and more specifically with and Internal Revenue Service office located at 5971 Cattleridge Boulevard, Sarasota, Florida 34232, from which this action has arisen. Respondents Douglas H. Shulman, commissioner of Internal Revenue, and Ricky D.   Poole revenue agent are employees and agents of the IRS operating from the office located at 5971 Cattleridge Boulevard, Sarasota, Florida 34232, from which this action has arisen.

4. Respondent   First National Bank of South Florida, Wells Fargo Home Mortgage and Bank of America Banks are a Commercial Banking Corporation, and financial institution, with offices in a number of locations within and without the Southern District of Florida. More particularly found at First National Bank of. South Florida, Wells Fargo Home Mortgage and Bank of America banks, 1550 North Krome Avenue, Homestead, Florida 33030; P.O. Box 10335, Des Moines, IA 50306 and P.O. Box 407090, Fort Lauderdale, Florida 33340-9962.

## III.

## PETITION TO QUASH SUMMONS

5. On or about April 12, 2010 Revenue Agent Ricky D. Poole issued a third party summons to First National Bank of South Florida, Wells Fargo Home Mortgage and Bank of America banks, copy of which was mailed to Claudia Zuloaga. (copy of summons attached hereto ,exhibit 1, exhibit 2 and exhibit 3, and made a part hereof by reference thereto).

6. The summons directed to respondent First National Bank of South Florida, Wells Fargo Home Mortgage and Bank of America banks requests the following   documentation:

1) **PRIVATE BANKING**-All agreements, contracts, records, books, ledgers and other documents relating to all the "Private Banking" agreements and relationships.

2) **SAVINGS ACCOUNT RECORDS**-Including signature cards, ledger cards or records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Form 1099 issued.

3) **CHECKING ACCOUNT RECORDS**-Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

4) **LOAN RECORDS**-including applications, financial statements, tax returns, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

5) **SAFE DEPOSIT BOX RECORDS**-including contracts, access records, and records of rental fees paid disclosing the date, amount, and method of payment (cash or check).

6) **CERTIFICATES OF DEPOSIT AND MONEY MARKET CERTIFICATES**-Including applications, actual instrument(s), records of purchase and redemption's, checks issued on redemption, checks used to purchase certificate, any correspondence and any Forms 1099 issued, records revealing the annual interest paid or accumulated, the dates of payment or date interest is earned, checks issued for interest payments.

7) **U.S. TREASURY NOTES AND BILLS**-All records of the purchase of U.S. Treasury Bills and Notes and/or subsequent sale of such bills or notes, including interest paid, checks used for the purchase or sale of the notes and bills, Forms 1009 issued, checks issued for interest payments, records of interests paid or accumulated revealing the dates and amount of interest paid or accumulated.

8) **CREDIT CARDS RECORDS**-including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates amounts and method (cash or check) of repayment, checks used to make repayments (front and back),

9) **PURCHASE OF BANK CHECKS**-Purchase of bank checks, cashier, teller, traveler's checks records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

10) **OTHER RECORDS**-Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased though your bank, savings bond transactions and investment accounts. Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

11) For all checks requested copies of front an back.

12) All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities. All memoranda, notes, files, or records regarding to meetings or conversations concerning the above persons/entities.

7. It appears on the face of the Summons that the Summons is issued "In the matter of Claudia Zuloaga". The apparent purpose for the documentation sought in the summons is therefore not disclosed upon the face of the summons.

8. The Internal Revenue Service must at all times use the summons authority in good-faith pursuit of a congressionally authorized purpose. The IRS has the burden of showing in an adversarial proceeding that it's investigation is pursuant to a legitimate purpose, and that the information sought is relevant and material to this legitimate purpose. Good faith is not presumed where the summons power is used to harass or to pressure the individual.

9. This petition is based on Zuloaga's contention that:

(a) Revenue Agent Ricky D. Poole, is using the summons power to harass and pressure Zuloaga, for reasons unknown to Zuloaga at this time, and for purposes that are

wholly illegitimate to the spirit and intent of the law, noting that no law or other authority was cited as the ostensible authority for issuance of the summons.

(b) The IRS in general and Revenue Agent Ricky D. Poole specifically is aware that there is no legal basis of any kind that would support the issuance of a summons as evidence by the complete absence of any citation to any legitimate basis for the issuance of summons on its face. And, therefore the IRS knows the summoned data cannot be relevant to any legitimate purpose.

(c) The IRS already possesses all relevant information to determination of whether Zuloaga may be liable under any internal revenue statute and the data summoned is incapable of adding any new information which could affect the determination of any potential liability. The data sought can only potentially provide names of Zuloaga's customers and amounts of transactions which would have no relevance unless there is a legitimate purpose for the investigation to begin with. No legitimate purpose for the investigation is stated on the Summons or any other documents relative to this action. Therefore, the data Summoned is not relevant to any legitimate purpose.

**WHEREFORE**, in consideration of the foregoing and the attached memorandum of the law in support hereof, petitioner prays that this court order the respondents to appear before this Honorable Court and show cause as to why this court should not quash the summons here involved.

Respectfully Submitted

Claudia : Zuloaga , ARR

Dated: September 1, 2010

# EXHIBIT 1



# Summons

In the matter of  Claudia Zuloaga,  SSN: 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

Internal Revenue Service (Division):  Small Business/Self Employed

Industry/Area (name or number):  Compliance - South Atlanta Examination Area

Periods:  January 1, 2005 through to Present

## The Commissioner of Internal Revenue

**To:**  First National Bank of South Florida

**At:**  1550 North Krome Avenue, Homestead, FL 33030

You are hereby summoned and required to appear before  Ricky D. Poole (ID #1001023206) or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please See ATTACHMENT A to Summons in the matter of : Claudia Zuloaga

## Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 5971 Cattleridge Boulevard, Sarasota, FL      Telephone Number (941) 378-6441

**Place and time for appearance at**  Internal Revenue Service, 5971 Cattleridge Boulevard, Sarasota, FL   34232

# IRS

**Department of the Treasury**
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

on the ____19____ day of ____July____  2010  at ___8___ o'clock ___a___ m.
*(year)*

Issued under authority of the Internal Revenue Code this ___21___ day of ____June____  ____2010____
*(year)*

_____
Signature of issuing officer

Internal Revenue Agent
Title

_____
Signature of approving officer *(if applicable)*

Group Manager
Title

**Part C — to be given to noticee**



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection-

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

~ ~ ~ ~ ~

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term third-party recordkeeper means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1]Or United States magistrate, pursuant to P L. 90-578.

~ ~ ~ ~ ~

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

**To:** Claudia Zuloaga,  SSN: 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

**Date:** June 21, 2010

**Address:** 20641 SW 130th CT

Miami,  FL 33177-6129

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before which the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

**Part D** — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identify of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

---

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action.*- If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

## ATTACHMENT A

Summons in the matter of: Claudia Zuloaga

**The following protocol applies to this Summons Form 2039:**

As used herein, in addition to any other items specified below, the term "document(s)" is used in the broadest sense and includes any written, typed, photo static, photographed, recorded, or otherwise visually reproduced communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, any combination thereof, or their equivalent. It refers to any written, printed, typed, graphically, visually, or aurally reproduced material of any kind, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

Contracts, agreements, legal papers, correspondence, accounting records, tax records, time records, bank records, promotional materials, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, e-mails, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, audio or video tapes, outlines of oral presentations, and all financial records, checks, drafts, instruments, trade tickets, checkbook stubs and records, and any other writing, bulletins, announcements, press releases, brochures, notices of meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;
Items designated as internal, confidential, private, or not to be disclosed;
All electronic mail (e-mail), whether in an electronic disk and/or any other system or device which saves historical e-mails, attachments; and
Video and/or audiotapes, cassettes, films, microfilm, computer files, computer discs, computer programs and any other information.

If any document is withheld on grounds of privilege, provide privilege logs and state with respect to each document withheld:

The name and title of the author;
The date of the document;
The names and titles of the addressees and of all recipients of the documents and/or copies thereof;
The subject matter of the document;
The privilege or protection claimed; and
The number of the request to which the production of the document would otherwise be responsive.

If your assertion of privilege does not extend to the entire document, provide a redacted copy, without disclosing the allegedly privileged information.

A Summons item is in the possession of you where it is in your possession, custody or control, or in the possession, custody or control of any person or entity acting in any

1

capacity for you or who has access upon inquiry or through a legal right to obtain such item(s).

The term "person" means any natural person, proprietorship, corporation, association, trust, estate, partnership, company, organization, joint venture, or other business enterprise, governmental body, or any subunit thereof, group of natural persons, or other entity, and such person's agents acting as such.

To the extent that the Summons herein encompass documents already provided to the IRS, you need not produce those identical documents again.

As a general rule, this Summons should be broadly interpreted in a manner consistent with common usage to expand the scope of these requests.  For example, singular terms should be interpreted to include the plural and *vice versa*; and the use of the conjunction "and" should be interpreted to mean "or" in any case where to do so would expand the scope of those requests.  Items in a list introduced by the term "including" or any variation thereof should not be interpreted as exhaustive.

Wherever they appear in this Summons, the following terms should be given the meanings set forth below:

The term "original," when used with respect to a document means the thing itself or any exact copy, reproduction, or duplicate thereof.

The term "original" when used with respect to a photograph, means either the negative or any unaltered print made there from.

The term "original" when used with respect to electronic data, means the data in electronic form, an exact recording or duplicate thereof, and any output readable by sight that accurately reflects the data.

The term "person" means a person as defined by section 7701(a)(1) and such person's agents acting as such.

The phrase "relating to" means, directly or indirectly, referring, affecting, concerning, comprising, reflecting, constituting, consisting, including, evidencing, or containing.

## INSTRUCTIONS FOR COMPLYING WITH SUMMONS

### Years: January 1, 2005 through to Present

Please provide any and all documents in your possession or under your control related to the below-listed individuals or entities, including but not limited to:

Claudia Zuloaga

*Physical Address: 20641 SW 130th CT, Miami,  FL 33177-6129*

SSN # 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

To include all accounts in which these individuals or entities had signatory authority and/or the right of withdrawal.

PRIVATE BANKING:  All agreements, contracts, records, books, ledgers, and other documents relating to all of the "Private Banking" agreements and relationships.

SAVINGS ACCOUNT RECORDS:  Including signature cards, ledger cards or records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued.

CHECKING ACCOUNT RECORDS:  Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

LOAN RECORDS:  Including applications, financial statements, tax returns, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

SAFE DEPOSIT BOX RECORDS:  Including contracts, access records, and records of rental fees paid disclosing the date, amount, and method of payment (cash or check).

CERTIFICATES OF DEPOSIT AND MONEY MARKET CERTIFICATES:
Including applications, actual instruments(s), records of purchases and redemption's, checks issued on redemption, checks used to purchase certificate, any correspondence and any Forms 1099 issued, records revealing the annual interest paid or accumulated, the dates of payment or date interest is earned, checks issued for interest payments.

U.S. TREASURY NOTES AND BILLS:  All records of the purchase of U.S. Treasury Bills and Notes and/or subsequent sale of such bills or notes, including interest paid, checks used for the purchase or sale of the notes and bills, Forms 1099 issued, checks issued for interest payments, records of interest paid or accumulated revealing the dates and amount of interest paid or accumulated.

CREDIT CARD RECORDS:  Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates,

3

amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

PURCHASES OF BANK CHECKS:  Purchases of bank checks, cashier, teller, travelers' check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

OTHER RECORDS:  Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts.  Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

For all checks requested copies need to be front and back.

All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities.  All memoranda, notes, files, or records relating to meetings or conversations concerning the above persons/entities.

All records may be mailed in lieu of a personal appearance.


**Ricky D. Poole, Internal Revenue Agent  #1001023206**

**(941) 378-6441**

# EXHIBIT 2



# Summons

In the matter of _Claudia Zuloaga,  SSN: 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_

Internal Revenue Service (Division): _Small Business/Self Employed_

Industry/Area (name or number): _Compliance - South Atlanta Examination Area_

Periods: _January 1, 2005 through to Present_

## The Commissioner of Internal Revenue

**To:** _Wells Fargo Home Mortgage, Attn: Written Correspondence_

**At:** _P.O. Box 10335, Des Moines, IA 50306_

You are hereby summoned and required to appear before _Ricky D. Poole (ID #65-02005) or his designee_
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please See ATTACHMENT A to Summons in the matter of : Claudia Zuloaga

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

_Internal Revenue Service, 5971 Cattleridge Boulevard, Sarasota, FL_     Telephone Number (941) 378-6441

**Place and time for appearance at** _Internal Revenue Service, 5971 Cattleridge Boulevard, Sarasota, FL   34232_

# IRS

**Department of the Treasury**
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

on the ____10____ day of ____May____ 2010 at ____8____ o'clock ____a____ m.

Issued under authority of the Internal Revenue Code this ____12____ day of ____April____ , ____2010____

_Ricky D. Poole_
Signature of issuing officer                         Internal Revenue Agent
                                                     Title

Signature of approving officer _(if applicable)_     Group Manager
                                                     Title

**Part C —** to be given to noticee



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

   (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

   (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

   (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

   (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

   (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

   (3) Exceptions. - This subsection shall not apply-

     (A) to any contact which the taxpayer has authorized,

     (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

     (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

   (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

   (2) Justice Department referral in effect. - For purposes of this subsection-

     (A) In general. - A Justice Department referral is in effect with respect to any person if-

       (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

       (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

     (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

       (i) the Attorney General notifies the Secretary, in writing, that -

         (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

         (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

         (III) he will discontinue such a grand jury investigation.

       (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

       (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

   (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms; sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

~ ~ ~ ~

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

   (1) In General. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

   (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

     (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

     (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

     (C) Any person extending credit through the use of credit cards or similar devices;

     (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

     (E) any attorney;

     (F) any accountant;

     (G) any barter exchange (as defined in section 6045(c)(3));

     (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

     (I) any enrolled agent; and

     (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner [1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner [1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

---

[1] Or United States magistrate, pursuant to P L. 90-578.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and are as reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

   (1) fees and mileage to persons who are summoned to appear before the Secretary, and

   (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

   (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

   (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

**To:** Claudia Zuloaga, SSN: 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          **Date:** April 12, 2010

**Address:** 20641 SW 130th CT

Miami,  FL 33177-6129

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

Part D — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(3) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summonses described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

## ATTACHMENT A

Summons in the matter of: Claudia Zuloaga

**The following protocol applies to this Summons Form 2039:**

As used herein, in addition to any other items specified below, the term "document(s)" is used in the broadest sense and includes any written, typed, photo static, photographed, recorded, or otherwise visually reproduced communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, any combination thereof, or their equivalent. It refers to any written, printed, typed, graphically, visually, or aurally reproduced material of any kind, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

Contracts, agreements, legal papers, correspondence, accounting records, tax records, time records, bank records, promotional materials, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, e-mails, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, audio or video tapes, outlines of oral presentations, and all financial records, checks, drafts, instruments, trade tickets, checkbook stubs and records, and any other writing, bulletins, announcements, press releases, brochures, notices of meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;
Items designated as internal, confidential, private, or not to be disclosed;
All electronic mail (e-mail), whether in an electronic disk and/or any other system or device which saves historical e-mails, attachments; and
Video and/or audiotapes, cassettes, films, microfilm, computer files, computer discs, computer programs and any other information.

If any document is withheld on grounds of privilege, provide privilege logs and state with respect to each document withheld:

The name and title of the author;
The date of the document;
The names and titles of the addressees and of all recipients of the documents and/or copies thereof;
The subject matter of the document;
The privilege or protection claimed; and
The number of the request to which the production of the document would otherwise be responsive.

If your assertion of privilege does not extend to the entire document, provide a redacted copy, without disclosing the allegedly privileged information.

A Summons item is in the possession of you where it is in your possession, custody or control, or in the possession, custody or control of any person or entity acting in any

1

capacity for you or who has access upon inquiry or through a legal right to obtain such item(s).

The term "person" means any natural person, proprietorship, corporation, association, trust, estate, partnership, company, organization, joint venture, or other business enterprise, governmental body, or any subunit thereof, group of natural persons, or other entity, and such person's agents acting as such.

To the extent that the Summons herein encompass documents already provided to the IRS, you need not produce those identical documents again.

As a general rule, this Summons should be broadly interpreted in a manner consistent with common usage to expand the scope of these requests.  For example, singular terms should be interpreted to include the plural and *vice versa*; and the use of the conjunction "and" should be interpreted to mean "or" in any case where to do so would expand the scope of those requests.  Items in a list introduced by the term "including" or any variation thereof should not be interpreted as exhaustive.

Wherever they appear in this Summons, the following terms should be given the meanings set forth below:

The term "original," when used with respect to a document means the thing itself or any exact copy, reproduction, or duplicate thereof.

The term "original" when used with respect to a photograph, means either the negative or any unaltered print made there from.

The term "original" when used with respect to electronic data, means the data in electronic form, an exact recording or duplicate thereof, and any output readable by sight that accurately reflects the data.

The term "person" means a person as defined by section 7701(a)(1) and such person's agents acting as such.

The phrase "relating to" means, directly or indirectly, referring, affecting, concerning, comprising, reflecting, constituting, consisting, including, evidencing, or containing.

## INSTRUCTIONS FOR COMPLYING WITH SUMMONS

### Years: January 1, 2005 through to Present

Please provide any and all documents in your possession or under your control related to the below-listed individuals or entities, including but not limited to:

Claudia Zuloaga

*Physical Address: 20641 SW 130th CT, Miami,  FL 33177-6129*

2

SSN # 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

To include all accounts in which these individuals or entities had signatory authority and/or the right of withdrawal.

PRIVATE BANKING: All agreements, contracts, records, books, ledgers, and other documents relating to all of the "Private Banking" agreements and relationships.

SAVINGS ACCOUNT RECORDS: Including signature cards, ledger cards or records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued.

CHECKING ACCOUNT RECORDS: Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, tax returns, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

SAFE DEPOSIT BOX RECORDS: Including contracts, access records, and records of rental fees paid disclosing the date, amount, and method of payment (cash or check).

CERTIFICATES OF DEPOSIT AND MONEY MARKET CERTIFICATES: including applications, actual instruments(s), records of purchases and redemption's, checks issued on redemption, checks used to purchase certificate, any correspondence and any Forms 1099 issued, records revealing the annual interest paid or accumulated, the dates of payment or date interest is earned, checks issued for interest payments.

U.S. TREASURY NOTES AND BILLS: All records of the purchase of U.S. Treasury Bills and Notes and/or subsequent sale of such bills or notes, including interest paid, checks used for the purchase or sale of the notes and bills, Forms 1099 issued, checks issued for interest payments, records of interest paid or accumulated revealing the dates and amount of interest paid or accumulated.

CREDIT CARD RECORDS: Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates,

SSN # 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


LOAN RECORDS: Including applications, financial statements, tax returns, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), **checks used to repay loans copies of (front and back)** and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.


**Ricky D. Poole, Internal Revenue Agent   #65-02005**

**(941) 378-6441**

3

# EXHIBIT 3



Legal Order Processing

July 28, 2010

MIGUEL A ZULOAGA
CLAUDIA ZULOAGA
20641 SW 130TH CT
MIAMI FL  33177-6129

RE: Reference # F072310000555
Case: Claudia Zuloaga

RE: NOTICE OF LEGAL PROCESS
Bank of America, N.A. has received a subpoena and/or summons pertaining to the above referenced case. The Bank is obligated to comply and produce the requested records and information, unless we receive a court order ordering us not to do so, Bank of America will be producing the documents. If you wish to contest this procedure, you should consult with an attorney as soon as possible.

Please be advised that the party that issued the request does not disclose the reason for the request of your records. If you need further information, please contact the party that issued the subpoena. Any questions or concerns you may have regarding this subpoena and /or summons should be addressed directly with the requestor. For your convenience, we have listed the contact information below

Internal Revenue Service
Ricky D Poole
5971 Cattleridge Boulevard
Sarasota, FL  34232
941-378-6441

When contacting the Bank regarding this subpoena please use the Reference # F072310000555.

Bank of America
Legal Order Processing



Legal Order Processing

July 26, 2010

CLAUDIA ZULOAGA
MIGUEL A ZULOAGA
20641 SW 130TH CT
MIAMI FL  33177-6129

RE: Reference # F072310000555
Case: Claudia Zuloaga

RE: NOTICE OF LEGAL PROCESS
Bank of America, N.A. has received a subpoena and/or summons pertaining to the above referenced case. The Bank is obligated to comply and produce the requested records and information, unless we receive a court order ordering us not to do so, Bank of America will be producing the documents. If you wish to contest this procedure, you should consult with an attorney as soon as possible.

Please be advised that the party that issued the request does not disclose the reason for the request of your records. If you need further information, please contact the party that issued the subpoena. Any questions or concerns you may have regarding this subpoena and /or summons should be addressed directly with the requestor. For your convenience, we have listed the contact information below

Internal Revenue Service
Ricky D Poole
5971 Cattleridge Boulevard
Sarasota, FL  34232
941-378-6441

When contacting the Bank regarding this subpoena please use the Reference # F072310000555.

Bank of America
Legal Order Processing

Bank of America, FL6-001-02-11
P. O. Box 407090, Fort Lauderdale, FL 33340-9982

♻Recycled Paper



Legal Order Processing

July 28, 2010

CLAUDIA ZULOAGA
MIGUEL A ZULOAGA
20641 SW 130TH CT
MIAMI FL  33177-6129

RE: Reference # F072310000555
Case: Claudia Zuloaga

RE: NOTICE OF LEGAL PROCESS

Bank of America, N.A. has received a subpoena and/or summons pertaining to the above referenced case. The Bank is obligated to comply and produce the requested records and information, unless we receive a court order ordering us not to do so, Bank of America will be producing the documents. If you wish to contest this procedure, you should consult with an attorney as soon as possible.

Please be advised that the party that issued the request does not disclose the reason for the request of your records. If you need further information, please contact the party that issued the subpoena. Any questions or concerns you may have regarding this subpoena and /or summons should be addressed directly with the requestor. For your convenience, we have listed the contact information below

Internal Revenue Service
Ricky D Poole
5971 Cattleridge Boulevard
Sarasota, FL  34232
941-378-6441

When contacting the Bank regarding this subpoena please use the Reference # F072310000555.

Bank of America
Legal Order Processing



Legal Order Processing

July 28, 2010

MIGUEL A ZULOAGA
CLAUDIA ZULOAGA
GINA G GONZALEZ
20641 SW 130TH CT
MIAMI FL  33177-6129

RE: Reference # F072310000555
Case: Claudia Zuloaga

RE: NOTICE OF LEGAL PROCESS

Bank of America, N.A. has received a subpoena and/or summons pertaining to the above referenced case. The Bank is obligated to comply and produce the requested records and information, unless we receive a court order ordering us not to do so, Bank of America will be producing the documents. If you wish to contest this procedure, you should consult with an attorney as soon as possible.

Please be advised that the party that issued the request does not disclose the reason for the request of your records. If you need further information, please contact the party that issued the subpoena. Any questions or concerns you may have regarding this subpoena and /or summons should be addressed directly with the requestor. For your convenience, we have listed the contact information below

Internal Revenue Service
Ricky D Poole
5971 Cattleridge Boulevard
Sarasota, FL  34232
941-378-6441

When contacting the Bank regarding this subpoena please use the Reference # F072310000555.

Bank of America
Legal Order Processing



**Bank of America**

Legal Order Processing

July 28, 2010

BUSINESS SOLUTIONS & COMPANY, INC.
OPERATING ACCOUNT
20641 SW 130TH CT
MIAMI FL  33177-6129

RE: Reference # F072310000555
Case: Claudia Zuloaga

RE: NOTICE OF LEGAL PROCESS

Bank of America, N.A. has received a subpoena and/or summons pertaining to the above referenced case. The Bank is obligated to comply and produce the requested records and information, unless we receive a court order ordering us not to do so, Bank of America will be producing the documents. If you wish to contest this procedure, you should consult with an attorney as soon as possible.

Please be advised that the party that issued the request does not disclose the reason for the request of your records. If you need further information, please contact the party that issued the subpoena. Any questions or concerns you may have regarding this subpoena and /or summons should be addressed directly with the requestor. For your convenience, we have listed the contact information below

Internal Revenue Service
Ricky D Poole
5971 Cattleridge Boulevard
Sarasota, FL  34232
941-378-6441

When contacting the Bank regarding this subpoena please use the Reference # F072310000555.

Bank of America
Legal Order Processing