Claudia Zuloaga
20641 S.W. 130 Court
Miami, Florida 33177



FILED by LK D.C.

SEP 0 3 2010

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. – MIAMI

Petitioner

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 10-23180 MC-Altonaga/Brown

Case #

CLAUDIA ZULOAGA

PETITIONER,
Vs.

UNITED STATES OF AMERICA, DOUGLAS
H. SHULMAN, COMMISSIONER OF
INTERNAL REVENUE, AND RICKY
D. POOLE REVENUE AGENT

RESPONDENTS.

MEMORANDUM OF LAW IN
SUPPORT OF PETITION TO
QUASH 3RD PARTY
SUMMONS

Date:

Time:

Dept/room:
IRS COMMISSIONER &
U.S. Courthouse
400 N. Miami Avenue
8th Floor
Miami, Florida 33128

/

    Petitioner, Claudia Zuloaga (hereinafter "Zuloaga"), submits this memorandum of law in support of her petition to quash summons issued by the respondents United States, et al.

    As grounds for her petition to quash summons contends that the Internal Revenue Service cannot meet the "relevancy and materiality" test required by <u>United States v. Powell, 379 U.S. 48 (1964).</u>

    Further contends that the summons is nothing more than a "fishing expedition" completely void of any "realistic expectation" that the information sought "may be relevant," therefore it is Zuloaga contention that the Internal Revenue Service cannot make any showing

greater that an "idle hope" of finding something, as required by the decision in <u>United States v Richards, 631F. 2d. 341, 345 (4th Cir., 1980).</u> Lastly, it is Zuloaga contention that the summons has been issued in "bad faith" contrary to Powell, supra, and therefore shows as follows:

### FACTS

Revenue Agent, Ricky D. Poole (hereinafter "Poole"), operation out of the Internal Revenue Service office at 5971 Cattleridge Boulevard, Sarasota, Florida 34232, issued an IRS third party summons to the First National Bank of South Florida, Wells Fargo Home Mortgage and Bank of America Banks. The target of the summons was for documentation period January 1, 2005 through Present. The summons stated: "In the matter of Claudia Zuloaga." the summons appears to have been issued April 12, 2010.

Pursuant to 26 U.S.C. §§7602(a), 7609(a)(3), I.R.M. §§.4022.62(1) and 4022.63, and 26 C.F.R. §1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued.

The summons issued by respondent Poole in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

On the face of the summons that Poole has not cited any authority to issue and enforce the summons in question.

The summons commands First National Bank of South Florida, Wells Fargo Home Mortgage and Bank of America Banks to appear before Poole, or his delegate, to give testimony and to bring :

1) **PRIVATE BANKING**-All agreements, contracts, records, books, ledgers and other documents relating to all the "Private Banking" agreements and relationships.

2) **SAVINGS ACCOUNT RECORDS**-Including signature cards, ledger cards or records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Form 1099 issued.

3) **CHECKING ACCOUNT RECORDS**-Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

4) **LOAN RECORDS**-including applications, financial statements, tax returns, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

5) **SAFE DEPOSIT BOX RECORDS**-including contracts, access records, and records of rental fees paid disclosing the date, amount, and method of payment (cash or check).

6) **CERTIFICATES OF DEPOSIT AND MONEY MARKET CERTIFICATES**-Including applications, actual instrument(s), records of purchase and redemption's, checks issued on redemption, checks used to purchase certificate, any correspondence and any Forms 1099 issued, records revealing the annual interest paid or accumulated, the dates of payment or date interest is earned, checks issued for interest payments.

7) **U.S. TREASURY NOTES AND BILLS**-All records of the purchase of U.S. Treasury Bills and Notes and/or subsequent sale of such bills or notes, including interest paid, checks used for the purchase or sale of the notes and bills, Forms 1009 issued, checks issued for interest payments, records of interests paid or accumulated revealing the dates and amount of interest paid or accumulated.

8) **CREDIT CARDS RECORDS**-including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates amounts and method (cash or check) of repayment, checks used to make repayments (front and back),

9) **PURCHASE OF BANK CHECKS**-Purchase of bank checks, cashier, teller, traveler's checks records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

10) **OTHER RECORDS**-Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased though your bank, savings bond transactions and investment accounts. Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

11) For all checks requested copies of front an back.

12) All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities. All memoranda, notes, files, or records regarding to meetings or conversations concerning the above persons/entities.

## ARGUMENT

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602. Under Powell, supra the government must establish a prima facie case by "showing" that:

(1) That the summons was issued for a legitimate purpose.

(2) The summoned data may be relevant to that purpose

(3) The data is not already in the government's possession; and

(4) The administrative steps required by the internal revenue code for issuance and service of the summons have been followed (Powell, supra 379 U.S. at 57-58).

It is well settled precedent summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. §§4022.62(1) and 4022.63, and 26 C.F.R. §1.6001-1. The summons issued by respondent Poole in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued. It is clear on the face of the summons that Poole has not cited any authority to issue and enforce the summons in question.

Internal Revenue Code § 7602(A)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to "..." determining the liability of any person for any internal tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something. <u>United States v. Bisceglia, 420 U.S.</u>

141 (1975); United States v Richards, 631f 2d 341, 345 (4th Cir., 1980); United States v Harrington, 388 F. 2d 520, 524 (2nd Cir., 1968).

The burden is upon the United States to show that the information sought is "relevant to proper purpose" Unite States v Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F. 2d 564, 567 (5th Cir., 1985)

It is readily apparent from the face of the summons that Poole claimed no "legitimate purpose" in issuing the summons. Therefore, Poole has no "legitimate purpose," for the issuance of his summons.

Poole is unable to find published in the federal register any notice that opening a bank account and creating signature cards or depositing monies in one's bank account amounts to a violation of any internal revenue law. Further, the IRS has failed and refused to identify any tax law which Zuloaga is being investigated under, which indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope." United States v. Richards, 631 F. 2d at 345.

Absent legal author for issuance and legitimate purpose for enforcement of the summons, nothing in Zuloaga's bank records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation. This, MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH 3RD PARTY SUMMONS contends that the summons is issued in "bad faith" with no purpose other than to harass and intimidate Zuloaga. It is unclear at this time what "bad faith" purpose Poole is pursing in issuance of this summons. Thus, discovery and evidentiary hearing will in all likelihood be required to determine the true purpose of this summons [Powell, supra 379 u.s. at 58; United States v. Mccathy, 514f. 2d.368(3rd Cir.,1975]

**Wherefore**, petitioner requests that summons be quashed.

Dated: September 1, 2010

Claudia Zuloaga, her

Claudia Zuloaga
20641 S.W. 130 Court
Miami, Florida 33177
Petitioner

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case #

CLAUDIA ZULOAGA
PETITIONER

**CERTIFICATE OF SERVICE**

Vs.

UNITED STATES OF AMERICA, DOUGLAS
H. SHULMAN, COMMISSIONER OF
INTERNAL REVENUE, AND RICKY
D. POOLE REVENUE AGENT
RESPONDENTS.
_____/

**I HEREBY CERTIFY** that the service of the foregoing:

1- PETITION TO QUASH 3RD PARTY SUMMONS:

2- MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH 3RD PARTY SUMMONS:

3- ALL RELATED EXHIBITS THERETO

Has this ____3____ day of September, 2010, been made by mailing, postage prepaid, a true and correct copy thereof to:

Douglas H. Shulman, Commisioner,
INTERNAL REVENUE SERVICE
Room 5226
1111 Constitution Avenue NW
Washington, DC 20224;

Ricky D. Poole, Revenue Agent
INTERNAL REVENUE SERVICE
Cattleridge Boulevard
Sarasota, Florida 34232

Claudia Zuloaga
20641 S.W. 130 Court
Miami, Florida 33177
Petitioner

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case #

CLAUDIA ZULOAGA
PETITIONER

**CERTIFICATE OF SERVICE**

Vs.
UNITED STATES OF AMERICA, DOUGLAS
H. SHULMAN, COMMISSIONER OF
INTERNAL REVENUE, AND RICKY
D. POOLE REVENUE AGENT
RESPONDENTS.
_____/

**I HEREBY CERTIFY** that the service of the foregoing:

4- PETITION TO QUASH 3RD PARTY SUMMONS:

5- MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH 3RD PARTY SUMMONS:

6- ALL RELATED EXHIBITS THERETO

Has this _____3_____ day of September, 2010, been made by mailing, postage prepaid, a true and correct copy thereof to:

First National Bank of South Florida
1550 North Krome Avenue
Homestead, Florida 33030;

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Bank of America,
P.O. Box 40709
Fort Lauderdale, Florida 33340-9962